IN THE UNITED STATES MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINA CRAWLEY, | ) |
| Plaintiff, | ) Case No. 3:09-CV-00500 |
| v. | ) Judge Echols/Brown |
| MANN BRACKEN, LLP, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Presently pending before the Magistrate Judge is Defendant's Motion to Dismiss. (DE 9). This matter has been referred to the Magistrate Judge for report and recommendation. (DE 3). The Magistrate Judge has reviewed the Plaintiff's response (DE 14).[1] For the reasons stated below, the Magistrate Judge **recommends** that Defendant's Motion to Dismiss be **GRANTED.**

## II. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). However, although a complaint is to be liberally construed, the

---

[1]Plaintiff has also filed a Motion to Amend her complaint. (DE 16). For the reasons discussed below, the Magistrate Judge finds that Plaintiff raises no new allegations which prevent the application of res judicata.

1

District Court need not accept a "bare assertion or legal conclusions." *Id.*at 555; see also *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

### B. Applicable State Law

A federal court with diversity jurisdiction is required to apply the substantive law of the state in which a state tort claim is raised, *Hostetler v. Consol. Ry. Corp.*, 123 F.3d 387, 390 (6th Cir.1997) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)), unless the law of another state is specifically implicated, *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th Cir.2000). As the law of another state is not implicated, the substantive law of Tennessee will be applied in this action. Although the district court is required to apply the substantive law of Tennessee in this action, the district court is bound to apply federal procedural rules in a diversity action even if those rules differ from otherwise applicable state rules – and even if the difference is outcome determinative. *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 901 (6th Cir.2002).

### C. Standard of Review for Res Judicata

Res judicata requires that this Court give the same effect to a Tennessee state court judgment as would be afforded by another Tennessee state court. 28 U.S.C. § 1738; *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 Fed.Appx. 547, 554 (6th Cir. 2008). In order to promote finality in litigation, this doctrine bars a second suit between the same parties on the

2

same cause of action with respect to all the issues which were or could have been brought in a former suit. *Hanger*, 229 Fed. Appx. 554-55 *(citing Wall v. Wall,* 907 S.W.2d 829, 832 (Tenn.App. 1995)). To obtain dismissal based on res judicata, the party asserting the defense must show that: (1) a court of competent jurisdiction rendered the underlying judgment; (2) the same parties and their privies were involved in both proceedings; (3) both proceedings involved the same cause or causes of action; and (4) the underlying judgment was final and on the merits. *Roberts v. Vaughn*, 2009 WL 1608981 *3 (Tenn. Ct. App., June 10, 2009).

### C. Analysis

On March 27, 2009, Plaintiff filed a civil action in the General Sessions Court of Davidson County against the Defendant for violations of the Fair Debt Collection Practices Act. (Docket Entry 9, Exhibit A). After Defendant complied with a court order by sending Plaintiff a debt validation letter, Judge Casey Moreland dismissed Plaintiff's entire complaint with prejudice. (Docket Entry 9, Exhibit B). Plaintiff then filed the instant action less than two weeks later, on June 1, 2009, arguing that the same Defendant violated the Fair Debt Collection Practices Act. (Docket Entry 1). All actions alleged in the initial complaint were prior to the May 20, 2009, order of the General Sessions Court dismissing her case with prejudice. Plaintiff's requested amended complaint propounds that the "latest violation occurred on August 15, 2009" when Defendant's *client*, Midland Funding LLC, not Defendant, reported a balance due on the account to Equifax and Transunion. (DE 16). The amended complaint does not allege any violation by the Defendant itself after the entry of the General Session Court order. Further, the exhibits Plaintiff argues demonstrate the alleged August 15, 2009, violation are merely copies of Plaintiff's credit reports dated August 15, 2009 and do not show when the debt itself was reported. (DE 16, Exhibits E and F). Further, these reports, contrary to Plaintiff's assertions in

3

her complaint, state that this "account is in dispute-reported by subscriber." *Id.*

Plaintiff's claim is clearly precluded by res judicata. Judge Moreland's order, dated May 20, 2009, from the General Sessions court was final. Plaintiff appears to argue in her response to the instant motion that Judge Moreland found that the General Sessions Court of Davidson County did not have jurisdiction over her claim. (DE 14). However, this is unsubstantiated as Plaintiff produced no evidence that Judge Moreland found a lack of jurisdiction. Nowhere does Judge Moreland state in any order or other court document that there was no jurisdiction. Further, if Judge Moreland had made a finding that there was no jurisdiction, he could not have then required the Defendant to validate the debt as he would lack the authority to do so. Nothing indicates Judge Moreland was asked to modify his order or that a timely appeal was taken. Therefore, the General Sessions Court of Davidson County is clearly a court a competent jurisdiction and by dismissing her case with prejudice, the underlying judgment was final and on the merits. Therefore, both the first and fourth requirements are satisfied.

Additionally, both proceedings involve the same parties and both proceedings involve the same causes of action. It is clear that both suits arise out of the Defendant's efforts to collect a debt owed by Plaintiff to Midland Funding, LLC, Defendant's client. All allegations against the Defendant occurred prior to the General Sessions Court order dismissing the case. While Defendant now attempts to add a second claim for violation of the Tennessee Consumer Protection Act, Plaintiff adds no new additional facts to support this claim. Rather, this alleged violation arises out of the same set of operative facts as the prior state court suit. Therefore, both the second and third requirements are also satisfied.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants'

4

motion to dismiss (DE 9) be **granted** and that this action **be dismissed** with prejudice on res judicata grounds.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 8th day of September, 2009.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge