UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GINA CRAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0500 |
| | ) | Judge Echols |
| | ) | |
| MANN BRACKEN, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

In accordance with the Court's October 8, 2009 Order (Docket Entry No. 21), the parties submitted supplemental filings. Defendant Mann Bracken, LLP filed Defendant's Supplemental Memorandum [In] Support Of Its Motion To Dismiss Plaintiff's Complaint (Docket Entry No. 24), to which Defendant attached the Affidavit of Nicholas H. Adler, who represented the Defendant at the state court hearing before Judge Casey Moreland. Plaintiff Gina Crawley, who is proceeding *pro se*, filed Plaintiff's Supplemental Memorandum Of Law In Support Of Plaintiff's Motion To Preserve Complaint (Docket Entry No. 25) and her own affidavit (Docket Entry No. 26).

As stated in the Court's prior Order, *res judicata* is an affirmative defense and Defendant carries the burden to prove that each of the four elements of *res judicata* have been met. Fed.R.Civ.P. 8(c); O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 582 (6th Cir. 2009); Tibbetts v. Levin, 288 Fed.Appx. 743, 745 (2nd Cir. 2008). A judgment is final in Tennessee "'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.'" Creech v. Addington, 281 S.W.3d 363, 377 (Tenn. 2009) (quoted cases omitted and emphasis in original). Further, in "order for the doctrine of res judicata to apply, the prior judgment must conclude the rights of the parties on the merits." Goeke v. Woods, 777 S.W.2d 347, 349 (Tenn. 1989).

1

"The doctrine of res judicata should be invoked with care because it blocks a litigant's access to the courts." Mitchell v. Hutchins, 2006 WL 287372 at *2 (Tenn. Ct. App. 2006) (citing Brown v. Felsen, 442 U.S. 127, 132 (1979)). "Because the doctrine is grounded on considerations of fairness and efficiency, it should not be applied rigidly when these interests would not be served[,]" id., and *res judicata* should not be utilized "when its strict application would work an injustice." Id. In the recently filed affidavits, the parties agree that, at the state court hearing on Plaintiff's prior suit filed against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Judge Casey Moreland questioned aloud whether the General Sessions Court had jurisdiction to hear such a case. The parties' accounts diverge concerning what transpired during the remainder of the hearing. Plaintiff attests that Mr. Adler, for the Defendant, argued that the court was correct to doubt its jurisdiction because the case should have been filed in federal court, but Mr. Adler did not cite a statute or a court opinion. (Crawley Aff. ¶ 4.) In response, Plaintiff argued that the court had jurisdiction to hear the case, but she was unable to cite a statute or a court opinion. (Id. at ¶ 5.) According to Plaintiff, Judge Moreland then stated a second time that he did not believe he had jurisdiction to hear the case, and asked Defendant to explain the reason that it had not validated the debt. (Id. at ¶¶ 6-7.) Mr. Adler stated the Defendant was under no obligation to validate the debt because Plaintiff's debt validation request was untimely. (Id. at ¶ 8.) Plaintiff responded that her debt validation request was timely. (Id. at ¶ 9.) Judge Moreland asked Mr. Adler to explain the reason for expecting payment without proper debt validation, as the Defendant's actions could have credit implications. Mr. Adler reiterated his earlier statement that the Defendant was not under a duty to validate the debt. Judge Moreland then ordered the Defendant to validate the debt and stated the matter would be dismissed once the Defendant validated the debt. (Id. at ¶¶ 10-13.) Further, according to Plaintiff, Judge Moreland did not make a ruling on the Defendant's pending Answer and Motion to Dismiss, and he did not make a ruling

2

on the merits of any of the Plaintiff's federal claims. Neither party presented any evidence and Judge Moreland did not ask to review any evidence. Neither party was given the opportunity to present sworn testimony or cross-examination to the court. (Id. at ¶¶ 14-18.)

Mr. Adler's recollection of the hearing is somewhat different. He avers that Judge Moreland's question about whether he had jurisdiction to hear the case did not seem to be directed specifically to either party and neither party provided any response, authority or argument regarding the jurisdiction of the General Sessions Court. According to Mr. Adler, Judge Moreland then proceeded to hear the case, listening to Plaintiff's version of the facts and her arguments and then turning to Mr. Adler's response, which was that Plaintiff failed to state a claim under the FDCPA. (Adler Aff. ¶¶ 4-5.) Mr. Adler states in his affidavit: "After hearing all arguments and evidence, Judge Moreland, without stating that the FDCPA had been violated, ruled that he would dismiss the case once Mann Bracken provided Plaintiff a 'debt validation letter' listing the date of last payment." (Id. at ¶ 6.) In accordance with the court's ruling, Mr. Adler sent Plaintiff a debt validation letter and submitted an order to Judge Moreland, which memorialized his ruling and dismissed the case. (Id. at ¶ 7.) The order Mr. Adler submitted to Judge Moreland dismissed the case "with prejudice." (Docket Entry No. 15-3, Ex. C.)

The Court finds it unnecessary to hold an evidentiary hearing to resolve the factual dispute apparent in the parties' accounts of the state court hearing. Even though it is true, as Defendant now contends, that the state court did have concurrent jurisdiction with the federal court to hear Plaintiff's FDCPA claims, see 15 U.S.C. § 1692k(d); Tenn. Code Ann. § 16-15-501; Weiss v. Collection Ctr., Inc., 667 N.W.2d 567, 570-571 (N.D. 2003); Itri v. Equibank, N.A., 464 A.2d 1336, 1342 (Pa. Super. Ct. 1983), the Court cannot ignore the fact that Judge Moreland questioned whether he had jurisdiction to consider Plaintiff's complaint. Defendant concedes that Mr. Adler did not provide Judge Moreland with any legal authority or argument to assist him in determining that he

3

possessed jurisdiction. Thus, Defendant's proof on this point–whether Judge Moreland's court was a court of competent jurisdiction–does not convince the Court that Judge Moreland recognized his jurisdiction to rule on the merits of the FDCPA complaint and that he proceeded to do so.

The Magistrate Judge mentioned in the pending Report and Recommendation that Judge Moreland would not have ordered the Defendant to provide Plaintiff with a debt validation letter if he thought he lacked jurisdiction to act. While the Magistrate Judge's view is one way to look at the matter, it is also possible that Judge Moreland was simply exercising "'justice in the small everyday affairs of life'" that is characteristic of the informal procedures followed in General Sessions Court. Ware v. Meharry Med. College, 898 S.W.2d 181, 183 (Tenn. 1995). Directing Defendant to give Plaintiff a debt validation letter was the *only* action Judge Moreland took, even if he possessed jurisdiction. As explained further below, however, Defendant has not shown that Judge Moreland ruled on the merits of all of Plaintiff's FDCPA claims.

In the state court action, Plaintiff raised three FDCPA claims. She alleged that Defendant violated 15 U.S.C. § 1692d through harassing, oppressive, or abusive conduct toward her; Defendant violated 15 U.S.C. § 1692c by communicating with her, a consumer, without her consent; and Defendant violated 15 U.S.C. § 1692g, concerning validation of debts. In response to Plaintiff's complaint, Defendant filed a short "Answer and Motion to Dismiss." Defendant responded that "it has not violated any provision of [the FDCPA]" and asked that "Plaintiff be required to present strict proof of any alleged violation." (Docket Entry No. 15-2, Ex. B.) This was nothing more than a general answer and denial of the federal claims, putting Plaintiff to her proof.

Defendant's motion to dismiss for failure to state a claim, which was contained in the same document, addressed only Plaintiff's claim under § 1692g. Defendant argued that Plaintiff's request for debt validation was untimely, and therefore, Defendant had no duty to provide a debt validation letter. (Id.) Judge Moreland obviously rejected Defendant's position on timeliness because he

4

directed Defendant to provide Plaintiff with a debt validation letter. Defendant has not pointed to any other specific action Judge Moreland took on the merits of Plaintiff's three distinct federal claims. See Creech, 281 S.W.3d at 377; Goeke, 777 S.W.2d at 349. Consequently, the Court concludes that Defendant failed to show that Judge Moreland ruled on the merits of each separate claim in the state court complaint.

Finally, that Judge Moreland signed a proposed order prepared by Defendant's attorney dismissing the case "with prejudice" does not compel a conclusion that the dismissal was on the merits of all of Plaintiff's FDCPA claims. The Court acknowledges Defendant's argument that Tennessee Rule of Civil Procedure 41.02(3) provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits." However, in a case like this one where the record before the court did not support a finding that the case had been adjudicated on the merits, the Tennessee Court of Appeals modified a judgment of "dismissal with prejudice" to that of a "dismissal without prejudice" and remanded for further proceedings. Randle v. Lyle, 682 S.W.2d 219, 221 (Tenn. Ct. App. 1984). By taking such action, the Tennessee Court of Appeals enforced state law that the doctrine of *res judicata* is grounded on considerations of fairness and efficiency and the doctrine must be invoked with care to avoid blocking a litigant's access to the courts.

For all of these reasons, the Court concludes that Defendant has not carried its burden to show that all four elements of *res judicata* are present to bar Plaintiff from proceeding with her FDCPA claims in this Court. Accordingly, the Court rules as follows:

(1) the Report and Recommendation filed on September 8, 2009 (Docket Entry No. 18) is hereby REJECTED;

5

(2) Defendant Mann Bracken, LLP's Motion And Memorandum To Dismiss Plaintiff's Complaint Pursuant To F.R.C.P. 12(b)(6) (Docket Entry No. 9) is hereby DENIED;

(3) Plaintiff's Motion To Preserve Plaintiff's Complaint (Docket Entry No. 14) is hereby GRANTED;

(4) Plaintiff's Motion to Amend Complaint to add a claim under the Tennessee Consumer Protection Act (Docket Entry No. 16) is hereby GRANTED;

(5) the Clerk is directed to file under a separate docket entry number Plaintiff's Amended Complaint and its Exhibits A through H, all of which are currently docketed as attachments to Docket Entry No. 16; and

(6) this case is hereby returned to the Magistrate Judge for entry of a Scheduling Order.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE