UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINA CRAWLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case 3:09-00500 |
| v. ) | Echols/Brown |
| ) | |
| MANN BRACKEN, LLP, ) | |
| ) | |
| Defendant ) | |

## O R D E R

The Magistrate Judge has previously granted the Plaintiff's motion to reopen this case since she is now back in contact with the Court (Docket Entry 60). Presently pending is the Plaintiff's motion for judgment in this matter (Docket Entry 56). The Receiver for Mann Bracken LLP has filed a notice of consent to the entry of default judgment (Docket Entry 59).

The case is presently pending on the Plaintiff's amended complaint (Docket Entry 29). The amended complaint seeks damages for violations by the Defendant of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Tennessee Consumer Protection Act, Tenn. Code 47-18-101, *et seq.* In her prayer for relief, the Plaintiff seeks

      A.    declaratory judgment that Defendant's conducted violated the F.D.C.P.A.;

      B.    declaratory judgment that Defendant's conduct violated T.C.P.A.;

      C.    injunctive relief;

      D.    actual damages;

E. statutory damages pursuant to 15 U.S.C. § 1692k;

F. statutory damages pursuant to Tenn. Code Ann. § 47-18-109;

G. costs; and

H. for such other and further relief as the court may deem just and proper.

The Defendant has never filed an answer to either the original complaint or the amended complaint. They did file a motion to dismiss (Docket Entry 9) on July 20, 2009. This motion was subsequently denied by the District Judge on January 26, 2010 (Docket Entry 27). Following that order counsel for the Defendant moved to withdraw (Docket Entry 32), and after some opposition by the Plaintiff (Docket Entry 35), the District Judge granted the motion to withdraw and directed the Defendant to retain substitute counsel and to respond to the amended complaint (Docket Entry 40).

Subsequent to this order the Court received notice of the appointment of the Receiver for the Defendant (Docket Entry 41). No counsel filed a notice of appearance for the Defendant and no answer was ever filed. The Magistrate Judge attempted to determine whether the Receiver intended to contest this order or not (see Docket Entries 44, 50 and 57).

The Receiver finally responded with a notice that because of the high volume of claims in the matter and the lack of funding that the Receiver would not be contesting the entry of default judgment in cases, but rather would be proceeding to resolve the

2

various claims through the State receivership (Docket Entry 59). It appears that the Plaintiff, in fact, has filed a claim in this matter with the Receiver in Montgomery County, Maryland, for $89,794.22, and has requested that her claim be allowed and paid (Docket Entry 56).

In view of the consent of the Receiver in this matter to the entry of the default judgment, it appears that default judgment can be entered. However, the Court is still required to evaluate the claim to insure that it is proper before entering any judgment. The Magistrate Judge will therefore review the matter before submitting a report and recommendation to Judge Echols.

Plaintiff's motion for a judgment (Docket Entry 54) requests eight items of relief as follows:

> 1. A declaratory judgment indicating that the Defendant has violated the Fair Debt Collection Practices Act.
>
> 2. A declaratory judgment indicating that the Defendant has violated the Tennessee Consumer Protection Act.
>
> 3. A judgment prohibiting the Defendant from attempting to collect the debt.
>
> 4. A judgment prohibiting the Defendant from selling, passing, or giving the debt to some other organization of person for the purpose of collection or any other reason.
>
> 5. The Plaintiff requests statutory damages under the Fair Debt Collection Practices Act. Please see the attached worksheet marked as Exhibit A.
>
> 6. The Plaintiff requests emotional and financial damages under the Tennessee Consumer Protection

3

Act. Please see the attached worksheet marked as Exhibit A.

7. The Plaintiff requests treble damages under the Tennessee Consumer Protection Act. Please see the attached worksheet marked as Exhibit A.

8. The Plaintiff requests Court costs. Please see the attached worksheet marked as Exhibit A.

Exhibit A to the Plaintiff's pleadings set forth the specific amounts making up her request for a total judgment of $89,794.22. Inasmuch as the Defendant has not denied the violations of the Fair Debt Collections Practice of the Tennessee Consumer Protection Act, the Magistrate Judge will recommend in his report and recommendation that the Plaintiff is entitled a declaration that the Defendant has violated those acts.

In requests 3 and 4, the Plaintiff requests a judgment that prohibits the Defendant from attempting to collect the debt, and a judgment to prohibit the Defendant from transferring any debt to some other organization or person for the purpose of collection. This relief was not specifically requested in the Plaintiff's amended complaint. It appears that the Defendant sent the Plaintiff a notice listing the name of the present creditor as Midland Funding, LLC and the name of the original creditor as Citibank Associates (Docket Entry 29-8), but neither of these entities are defendants in this lawsuit. The Magistrate Judge does not, therefore, feel it would be appropriate to enter a judgment which would affect the rights, if any, of these creditors should

4

they be able to establish that there is a valid debt and make efforts to collect it in accordance with the law. The Plaintiff does not cite authority for the Court to prohibit the Defendant or other possible creditors from attempting to collect the alleged debt or from making any transfer of the debt claim. The company itself appears to be insolvent and in the process of being liquidated. Accordingly, the Magistrate Judge will not recommend that a judgment be entered concerning items 3 and 4 absent further justification for such relief by the Plaintiff.

In items 5 through 8 the Defendant has requested damages as set forth on Exhibit A. The Magistrate Judge has reviewed Exhibit A. The Magistrate Judge does not believe that the General Sessions Court filing fee is a proper cost. That was litigation that was dismissed and was not a necessary cost in this case. The Plaintiff's cost for the federal filing fees, express mail, copies, certified mailings, and copies in internet usage appear to be reasonable to this litigation and should be allowed. These items total $426.45. The Magistrate Judge intends to recommend they be allowed.

The Plaintiff has claimed $426.45 for lost wages. However, the Magistrate Judge does not find that this is an item of damages under either the Fair Debt Collection Practice Act or the Tennessee Consumer Protection Act. Absent further justification by

the Plaintiff the Magistrate Judge will not recommend that this be allowed.

The next item is a claim for $1,300 for rental expenses. There is no showing as to what the rental expense was for or how it is connected to this particular case. Absent further justification by the Plaintiff the Magistrate Judge will not recommend that this be allowed.

The Plaintiff has additionally claimed attorneys' fees of $135 x 160 hours. While the rate for an attorney would be quite reasonable, unfortunately, the law is quite clear that a *pro se* plaintiff may not recover attorneys' fees. *Kay v. Ehrler*, 499 U.S. 432 (1991); *see also*, *Kendall v. One 1973 Ford Mustang*, 315 Fed. Appx 533 (6th Cir. 2009). As the Sixth Circuit points out in *Kendall*, even if the Plaintiff was an attorney, she would not be entitled to attorneys' fees so long as she is representing herself. The Magistrate Judge has not found a Tennessee case allowing a *pro se* party attorney fees. Absent further justification by the Plaintiff the Magistrate Judge will not recommend that this be allowed.

The Plaintiff has requested $1,000 for statutory violations of the Fair Debt Collection Practice Act and this amount appears proper. The Plaintiff has requested emotional damages in the amount of $5,000. Although the details of the Plaintiff's emotion and financial damages are sketchy, she has filed a verified

6

complaint and the Magistrate Judge believes they are sufficient to justify award of $5,000. It is clear the Plaintiff has suffered some emotional damage over the collections activity listed and now accepted as true.

Finally, the Plaintiff requests treble damages under the TCPA. Under the act, only actual damages are tripled in the discretion of the Court. The Magistrate Judge will recommend actual damages be tripled in this case. However, actual damages do not include the $1,000 statutory damages. The Magistrate Judge will recommend $5,426.45 be tripled to $16,279.35. Thus, the total award the Magistrate Judge is considering recommending is $17,279.35.

The Plaintiff may submit additional evidence and justification on the items the Magistrate Judge has stated he will not recommend for part of a judgment, on or before **June 18, 2010**, or she may request a hearing date with the Magistrate Judge during the month of June.

If the Plaintiff does not wish to contest the item the Magistrate Judge will disallow, she should advise the Court by **June 18, 2010**, and the Magistrate Judge will submit a report and recommendation as indicated above.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

7