IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINA CRAWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:09-cv-00500 |
| MANN BRACKEN, LLP, ) | Judge Echols/Brown |
| ) | |
| Defendant. ) | |

To:  The Honorable Robert Echols

**REPORT AND RECOMMENDATION**

Receiver for the Estate of Defendant has consented to the entry of default judgment in this case. (Docket Entry 59). The Magistrate Judge previously set out his recommendations for Plaintiff's total judgment in an Order dated June 1, 2010. (Docket Entry 63). In that Order, the Magistrate Judge allowed Plaintiff to submit additional evidence as to the validity of the items rejected for the judgment. Plaintiff filed her Reply to the Order on June 18, 2010. (Docket Entry 69). For the reasons set forth below and in the June 1, 2010 Order, the Magistrate Judge **REJECTS** Plaintiff's requests for forgiveness of her debt, recovery of lost wages, and rental expenses and **RECOMMENDS** Plaintiff be granted a judgment in the amount of $17,279.35.

Plaintiff first argues that Defendant should be prohibited from collecting the debt from her. The Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., provides for compensatory and statutory damages. *See* 15 U.S.C. § 1692k. In addition, the Magistrate Judge has recommended treble damages under the Tennessee Consumer Protection Act ("TCPA").

1

Tenn. Code 47-18-101, *et seq*. There is nothing in the FDCPA that addresses Plaintiff's request. Plaintiff has also not alleged any new information, however, that addresses the rights of the other potential creditors to her debt, Midland Funding, LLC and Citibank Associates. As noted in the Magistrate Judge's prior order, the Magistrate Judge does not recommend a judgment that would affect the rights, if any, of these non-party creditors to lawfully collect the debt. Therefore, the Magistrate Judge believes Plaintiff's requested relief should not be granted.

Plaintiff next argues that she should be permitted to collect lost wages for three court appearances. Plaintiff has added no additional information that would persuade the Magistrate Judge to grant this relief. The Magistrate Judge has located no support in the case law for Plaintiff's claim of lost wages.

Finally, Plaintiff argues she should be able to recover rental expenses as damages. It is clear, however, that Defendant's unlawful actions had no bearing on Plaintiff's need to rent a residence. Plaintiff's original residence was unfortunately destroyed by fire, and her credit score was too low to qualify for financing to purchase a new residence. Neither of these incidents was a foreseeable result of Defendant's actions. Plaintiff's credit score suffered as a result of her nonpayment of debt, not as a result of the Defendant's collection practices. Therefore, the Magistrate Judge believes Plaintiff is not entitled to this relief.

For the reasons stated above and in the previous Order, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion for Judgment (Docket Entry 54) be **GRANTED in part** and that Plaintiff be awarded a default judgment against Defendant in the amount of $17,279.35.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 26th day of July, 2010.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

3